```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| JEFFREY PRATT,              )  |  |
|     Plaintiff,       )  |  |
|     v.               )  | Civil Action No. 04-965 |
|                      )  | Judge Joy Flowers Conti |
| ROBERT M. KRAK, TRACY DOE   )  | Magistrate Judge Caiazza |
| and ROBERT TRETENIK.        )  |  |
|     Defendants       )  |  |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendants' Motion for Summary Judgment be granted.

#### II. REPORT

The Plaintiff, Jeffrey Pratt ("the Plaintiff" or "Pratt"), a state inmate confined at the State Correctional Institution at Albion, Pennsylvania, commenced this action alleging violations of his civil rights as protected by the Eighth and Fourteenth Amendments of the United States Constitution. Named as the Defendants are Robert M. Krak, D.M.D.; Tracy Doe; and Robert Tretenik. The Defendants have filed a Motion to Dismiss Complaint, or in the alternative, for Summary Judgment on the basis of Pratt's failure to exhaust his available administrative remedies as required by the Prison Litigation Reform Act

("PLRA").[1] Through the PLRA, Congress prohibited prisoners from commencing an action with respect to prison conditions until after their available administrative remedies have been exhausted. Specifically, the PLRA provides in pertinent part as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See 42 U.S.C. § 1997e(a). The United States Court of Appeals for the Third Circuit has analyzed the applicability of the exhaustion requirement in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner). The Court of Appeals announced a bright line rule in both cases holding that inmate-plaintiffs must exhaust their available administrative remedies before commencing an action in federal court with respect to prison conditions. In Nyhuis and Booth the court also specifically rejected the argument that there exists a futility exception to section 1997e(a)'s mandatory exhaustion requirement. See Booth, 206 F.3d at 300; Nyhuis, 204 F.3d at 66. A unanimous Supreme Court

---

1. The court converted the Defendants' alternative motion into one which seeks summary judgment.

affirmed the Court of Appeals' holding in Booth v. Churner. *See* Booth v. Churner, 532 U.S. 731 (2001).

The available administrative remedies for Pennsylvania inmates are codified in the Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804-1, entitled "Consolidated Inmate Grievance Review System." *See, e.g.* Mitchell v. Horn, 318 F.3d 523 (3rd Cir. 2003) (discussing the Department of Correction's ("the DOC") Grievance System).[2] The DOC grievance system is applicable to all state correctional institutions and provides three levels of review: 1) an initial review by the facility grievance coordinator; 2) an appeal of the initial review to the superintendent or regional director; and 3) a final appeal to the chief hearing examiner.

Specifically, inmate grievances must be in writing and in the format provided on the forms supplied by the correctional institution. *See* DC-ADM 804 ¶ (VI)(A)(1)(f). An initial grievance must be submitted by the inmate to the Facility Grievance Coordinator within fifteen working days after the event upon which the claim is based. *See* DC-ADM 804 ¶ (VI)(A)(1)(h). The Grievance Officer must provide a written response to the inmate within ten working days, including a brief rationale summarizing

---

2. *See also* 37 Pa. Code § 93.9(a) (1999) (establishing requirement for DOC to establish an inmate grievance system). The DOC policies, including the grievance system policy, may be accessed on the worldwide web at http://www.cor.state.pa.us/standards/lib/standards/DC-ADM_804_Inmate_Grievances.pdf.

-3-

the conclusions and any action taken or recommended to resolve the issues raised in the grievance. *See* DC-ADM 804 ¶ (VI)(B)(1)(h). Next, an inmate may appeal an Initial Review decision, or grievance restriction, to the Facility Manager in writing, within five working days from the date of receipt by the inmate of the Initial Review decision. *See* DC-ADM 804 ¶ (VI)(C)(1)(b). The Facility Manager must then notify the inmate of his or her decision within fifteen working days after receiving the appeal; the decision may consist of upholding the decision, a modification, a reversal, a remand, or a reassignment for further fact-finding. *See* DC-ADM 804 ¶ (VI)(C)(2)(c). An inmate who is dissatisfied with the disposition of an appeal from the Facility Manager, may submit an appeal to the Secretary's Office of Inmate Grievances and Appeals within five working days after receiving the decision. *See* DC-ADM 804 ¶ (VI)(D)(1)(b). The Secretary's Office must respond to all appeals within thirty working days and ensure that all appeals and responses are properly maintained in the Automated Inmate Grievance Tracking System. *See* DC-ADM 804 ¶ (VI)(D)(2)(a).

Here, the record evidence shows that on July 21, 2003, the Plaintiff filed Grievance No. 57587 complaining about the alleged denial of dental treatment. *See* Doc. 12, Attach. A. On July 25, 2003, the Plaintiff received the timely response which follows:

1. The inmate was evaluated by the dentist on 6-16-03. The inmate was informed that he had severe dental problems due to a lifetime of dental neglect.

2. It was recommended that the inmate have several teeth extracted.

3. A follow-up visit was scheduled; however, at the current time the inmate is in POC status in the infirmary.

4. The inmate was seen by the medical direct[or] on 07-24-03 and discussed his medical concerns regarding his teeth.

5. The inmate was informed that he would be seen by the dentist to discuss treatment choices once he is released fro [sic] POC status.

6. All request sent to the CHCA are answered in a timely manner.

See Doc. 12, Attach. A. The record further reflects that the Plaintiff attempted to appeal the grievance response to Superintendent Folio through an Inmate's Request to Staff Member dated August 19, 2003. By notice dated August 29, 2003, Superintendent Folio informed Pratt that his appeal would not be reviewed because it was filed well beyond the five-day limitations period. Thereafter Pratt did not avail himself to the second or third levels of review as provided for under DOC policy ADM 804. Clearly, Pratt has failed to exhaust the full panorama of administrative remedies available to him

Finally, a review of the record reveals that Pratt did not file a response to the Defendants' summary judgment motion. That

being said, he obviously failed to argue that the there were no administrative remedies available to him. The record shows that the Defendants' dispositive motion was filed on April 8, 2005. See Doc. 12. Given an extension at his request, the Plaintiff was provided until June 11, 2005 to file a response to the Defendants' summary judgment motion. See Doc. 16. With respect to Pratt's claim, the record ends here. Even assuming, parenthetically, that Pratt filed a response claiming that there were no administrative remedies available to him, he had little chance to prevail. See Casey v. Smith, 71 Fed. Appx. 916, 2003 WL 21754980 (3d Cir. July 7, 2003) (holding that dismissal of action was proper where inmate failed to exhaust his administrative remedies because he failed to file his grievance pertaining to his § 1983 claims within the time period set out in Pennsylvania's Inmate Grievance System).

## III. CONCLUSION

In the absence of any controlling authority to the contrary, this Court is required to follow the directives of the Court of Appeals for the Third Circuit and dismiss the Plaintiff's Complaint because of his failure to exhaust his available administrative remedies, *i.e.*, all three levels of appeal as clearly set out in the DOC Consolidated Inmate Grievance Procedure. See, e.g., Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002) (upholding dismissal of complaint without leave to amend

where the inmate failed to file an appeal from a grievance within the time limit as required by the DOC policy statement). This dismissal should be with prejudice because Pratt has procedurally defaulted his claims by failing to file a timely appeal from the Initial Response to his Grievance.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (c)), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by October 17, 2005.  Responses to objections are due by October 27, 2005.

September 29, 2005

*Francis X. Caiazza*
Francis X. Caiazza
United States Magistrate Judge

cc: Jeffrey Pratt, BC-8580
    SCI-Albion
    10745 Route 18
    Albion, PA 16475-0001

    Christian Bareford
    Deputy Attorney General
    Office of Attorney General
    6th Floor, Manor Complex
    564 Forbes Avenue
    Pittsburgh, PA 15219